PER CURIAM.
Anthony White was charged in a two-count information with rape and with breaking and entering a dwelling and unlawfully assaulting a person therein. This appeal is from a judgment of conviction on a jury verdict finding White guilty as charged on both counts of the information and a sentence thereon to two 99 year terms in the state penitentiary. The sole point on appeal concerns a remark by the prosecutor which is alleged to be a comment on the defendant’s failure to testify. On the facts of this case, no error has been demonstrated.
The record reflects that White’s defense at trial was insanity. He advised his attorney that he wished to take the stand and testify in his own behalf. Defense counsel, outside jury presence, announced to the court that the defendant asked to take the stand against advice of counsel. Anthony White was then called to the stand by his attorney, but he remained seated at the counsel table with his head hung low and his hands at his side. The court asked White whether he needed help getting to the stand. White did not answer, and remained seated in the same position. At this time, the prosecutor made the statement now being asserted as error, that “ . it must be obvious that the defendant does not wish to take the stand.” The court inquired as to whether White wished to take the stand. White remained seated and silent for a few seconds and then stood up, pushed the counsel table into the air, removed his shirt and proceeded to scream vituperous remarks. White was subdued as he backed up toward the jury panel with his hands together in the position of one hand carrying an imaginary firearm aimed at the jury, stating that he was going to kill all of them. After he was subdued, the jury was excused to the jury room, and White was handcuffed and removed from the courtroom to the holding cell. It is to be noted that defense counsel failed to make an objection to the prosecutor’s statement and in fact, twice refused an offer by the court to give a curative instruction to the jury. However, he did make a motion for mistrial on the grounds that White was not competent to aid in his defense, which was denied.
The defendant contends that the trial court committed fundamental error in failing to declare a mistrial when the prosecutor made the allegedly improper comment. We do not agree. Under the facts in this case, the remark by the prosecutor was not a comment on the failure of White to take the stand and testify in his own behalf. Rather, it was a remark which was induced, if not invited, by the defendant’s behavior in the courtroom, and it does not warrant reversal.
Affirmed.